IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:16-CR-163-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| HUGH MONROE DYSON, | ) | |
| | ) | |
| Defendant. | ) | |

On August 27, 2018, Hugh Monroe Dyson ("Dyson" or "defendant") filed objections to writs of garnishment issued to Coastal Federal Credit Union and State Employees' Credit Union, claimed exemptions, and requested a hearing [D.E. 100, 101]. Essentially, Dyson contends that the minimum payment plan in his criminal judgment bars the government's collection efforts. He is mistaken. The court ordered his monetary penalties due and payable in full immediately. [D.E. 62] 6–7. The judgment authorizes the United States to take any collection action permitted by law, including garnishment, until the debt is paid in full. See United States v. Krol, No. 5:15-CR-292-FL, 2018 WL 1792129, at *5 (E.D.N.C. Apr. 16, 2018) (unpublished); United States v. Hill, No. 4:13-CR-28-BR, 2017 WL 2964016, at *2 (E.D.N.C. May 24, 2017) (unpublished), aff'd, 706 F. App'x 120 (4th Cir. 2017) (per curiam) (unpublished); United States v. Blondeau, No. 5:09-CR-117-H, 2011 WL 6000499, at *4 (E.D.N.C. Nov. 1, 2011) (unpublished), M&R adopted, 2011 WL 6001281 (E.D.N.C. Nov. 30, 2011) (unpublished). The payment plan in the judgment is a minimum payment plan, and does not preclude the government's enforcement action.

In sum, Dyson's objection to the writs of garnishment is DENIED. Moreover, for the reasons explained by the government [D.E. 108], defendant's claimed exemptions and request for a hearing lack merit and are DENIED.

SO ORDERED. This 13 day of November 2018.

                                                  JAMES C. DEVER III  
                                                United States District Judge